In the Matter of the Compensation of
John L. Partible, Claimant.
## SAIF CORPORATION et al,
*Petitioners,*

*v.*

## PARTIBLE,
*Respondent.*

(WCB 87-14305; 87-08931; CA A50886)

778 P2d 990

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

L. Leslie Bush, Portland, argued the cause for respondent. With him on the brief was Tamblyn & Bush, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant suffered a low back injury in 1980 while working for employer. Employer accepted the claim. In July, 1986, while participating in an authorized training program as a short order cook, claimant sustained an injury to his neck and upper back. Employer accepted responsibility for the injury. The low back claim was closed in January, 1987, and the determination order included an award for temporary total disability for the entire training period.[1]

The question is whether the 1986 injury, conceded by employer to be a new injury and not merely an aggravation of the original injury, should be treated as a new and independent injury claim for the purpose of calculating the period of claimant's aggravation rights. The Board ruled that it should be. Employer contends that the injury, compensable only because it is a natural and direct consequence of the original injury, *see Wood v. SAIF,* 30 Or App 1103, 569 P2d 648 (1977), *rev den* 282 Or 189 (1978), should be processed as part of the original claim and that claimant's aggravation rights should be calculated from the date of the original injury.

In *Wood,* we addressed the question of the compensability of an injury experienced during vocational rehabilitation. We reasoned that the "concept of compensability for injuries sustained in the course of and arising out of employment includes injuries during activities which are a direct and natural consequence of the original injury." 30 Or App at 1108. We concluded that an injury sustained during an authorized period of vocational rehabilitation was a "direct and natural consequence" of the original injury and therefore compensable.

■■ Whether an injury experienced during vocational rehabilitation is a direct and natural consequence of the original injury is relevant to the question of causation and is determinative of the question of whether the original employer is responsible for the injury. Employer does not dispute that the injury experienced by claimant is related to the original injury and that it is responsible. It argues only that, from the claims processing standpoint, the injury should be treated as an

---

[1] The rate of compensation for temporary total disability is not at issue.

aggravation of the original injury. We agree with the Board that that is a question of fact to be evaluated in each case. The fact that an injury suffered during vocational rehabilitation is compensable because it is a direct and natural consequence of the original injury does not necessarily mean that it is compensable for purposes of claims processing as an aggravation of the original injury. The claim should be processed either as an aggravation or as a new injury, depending on the facts of the particular case. Substantial evidence supports the Board's finding that the July, 1986, event was a new injury. Accordingly, it should be processed as a new injury claim, with all the attendant attributes.

Affirmed.